IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVIN DAVENPORT | § | |
| v. | § | CIVIL ACTION NO. 6:06cv18 |
| | | (Crim. No. 6:95cr37) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Kevin Davenport, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Davenport was convicted of various drug-related offenses, receiving sentences totaling 360 months in prison, followed by three years of supervised release. He has previously filed a direct appeal of his conviction and has filed one previous Section 2255 motion to vacate his sentence. *See* Davenport v. U.S., civil action no. 6:98cv727 (E.D.Tex., dismissed May 28, 1999, certificate of appealability denied January 18, 2000).

After review of the motion to vacate, the Magistrate Judge issued a Report on January 25, 2006, recommending that the motion be denied. The Magistrate Judge noted that Davenport had failed to show that he had sought or received permission from the Fifth Circuit Court of Appeals to file a second motion, as required by 28 U.S.C. §2255. Davenport argued that his motion was not successive because it was filed before United States v. Booker, 125 S.Ct. 738 (2005) was decided, but the Magistrate Judge determined that this argument was one which should be presented to the Fifth Circuit for that Court's determination as to whether or not Davenport should be allowed to

1

proceed with his motion to vacate sentence in the district court.  *See* In re Elwood, 408 F.3d 211, 212 (5th Cir. 2005) (denying leave to file a successive petition based on Booker because Booker is not retroactive).  Consequently, the Magistrate Judge concluded that Davenport's petition should be dismissed until such time as he obtains leave from the Fifth Circuit to file a successive petition.

In his objections to the Magistrate Judge's Report, Davenport again argues that his motion is not successive because Booker had not yet been handed down when he filed his first motion. He says that under the rule set out in Booker, his sentence is unconstitutional.  Davenport refers to the requirement of obtaining leave to file a second or successive petition as "an impossible burden" and again states that his sentence is unconstitutional, but makes no mention of the applicability of Booker to his case in light of the fact that, as the Fifth Circuit said in Elwood, the Booker decision does not operate retroactively.  His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED without prejudice.  Davenport may refile his motion at such time, and only at such time, as he obtains leave from the Fifth Circuit Court of Appeals to file a successive petition.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 19th day of April, 2006.**



**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**